In the Supreme Court of Georgia

Decided: January 22, 2019

S19A0039. STROZIER v. THE STATE.

MELTON, Chief Justice.

Following a jury trial, Ashley Strozier appeals her conviction for felony murder, contending that the evidence was insufficient to support the verdict.[1] For the reasons set forth below, we affirm.

In the light most favorable to the verdict, the record shows that James Corenzo Laster lived with his mother, Sandra White. On the evening of December 14, 2017, White went out to dinner, leaving Laster at home. After White left, Strozier, Laster's pregnant girlfriend, visited Laster. At some point later, Laster

---

[1] On January 28, 2008, Strozier was indicted for the malice murder of Laster. Following a jury trial on June 28-29, 2011, Strozier was found guilty of the lesser-included offense of felony murder predicated on aggravated assault, and she was sentenced to life imprisonment. On July 12, 2011, Strozier filed a motion for new trial and amended it on February 27, 2015. The trial court denied the motion on June 29, 2018. Thereafter, Strozier timely filed a notice of appeal, and her case, submitted on the briefs, was docketed to the December 2019 term of this Court.

placed a call to Diane Burr, his mother's best friend.[2] Laster then informed Burr, "This girl over here tearing up my mama house." Laster asked Burr to come to the house as soon as possible to assist him. In the background, Burr heard Strozier saying, "I don't care who you calling, I'm going to kill your mother f***ing a**."

Approximately five minutes later, Burr, who had been driven by Jan Brown, arrived at White's home. Burr and Brown entered the home and saw Laster on the floor in a puddle of blood, and Strozier was sitting on a nearby sofa. Laster had been fatally stabbed in the chest with a kitchen knife that Strozier had taken from White's kitchen. Burr asked Strozier to leave and said she would call 911. Agitated and cursing, Strozier responded that she had already called 911 and that she was not going to leave the house. Burr then called 911, and, afterwards, she asked Strozier what she had done. Strozier replied, "I tried to kill the mother f***er," and subsequently threatened that she would "cut the b**ch again." Strozier also threatened Burr and Brown, saying, "I'll kill both of you b**ches." Though Laster was transported to the hospital, he died from the stab wound.

On the night of the stabbing, Strozier was interviewed by Investigator Cliff Henderson, and Strozier admitted to retrieving a kitchen knife and stabbing

---

[2] Laster called Burr because White did not have a cell phone.

Laster. Strozier claimed that Laster had been choking her in the living room and slammed her to the carpet prior to the stabbing. Investigator Henderson did not see any marks or injuries on Strozier other than a cut on her right hand, which, according to Strozier, happened when Laster tried to take the knife from her.[3]

This evidence was sufficient to enable the jury to find Strozier guilty of felony murder predicated on aggravated assault beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979). And, though Strozier contended that she acted in self-defense, the jury was authorized to disbelieve her version of events. See Hoffler v. State, 292 Ga. 537, 539 (1) (739 SE2d 362) (2013) ("Issues of witness credibility and the existence of justification are for the jury to determine, and it is free to reject a defendant's claim that he acted in self-defense.") (Citation omitted). Accordingly, Strozier's conviction must be affirmed.

Judgment affirmed. All the Justices concur.

---

[3] The evidence indicated that, in order to retrieve the knife from the kitchen, Strozier would have passed the front door of the house, a fact relevant to Strozier's self-defense claim.